# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENYATTA SOBEASR CLINCY,

       Petitioner,

v.

BILL POLLARD,

       Respondent.

Case No. 18-CV-1092-JPS

**ORDER**

On July 9, 2018, Petitioner Kenyatta Sobeasr Clincy ("Clincy"), a Wisconsin prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his state conviction and sentence were imposed in violation of the Constitution and laws of the United States. (Docket #1).[1] The Court will now turn to screening the petition under Rule 4 of the Rules Governing Section 2254 Proceedings. That Rule authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations,

---

[1] The Clerk of the Court stamped the petition as having been filed on July 16, 2018, *see* (Docket #1 at 1), but Clincy averred that he deposited the petition in the prison mail system on July 9, 2018, *id.* at 11.

exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

1.   BACKGROUND

Clincy pled no contest to charges of theft and first-degree reckless injury in Milwaukee County Circuit Court Case No. 2011CF001752, arising from a home invasion in which Clincy attacked an occupant of the house he was burgling. Prior to sentencing, Clincy learned that trial counsel had only recently obtained and reviewed a search warrant executed at Clincy's home that resulted in the seizure of inculpatory evidence. Clincy moved to withdraw his pleas on the ground that trial counsel's failure to investigate the circumstances of the search and seizure prior to the entry of his pleas constituted a fair and just reason for plea withdrawal. Successor trial counsel was appointed to represent Clincy for purposes of this motion. Following a hearing, the trial court denied the motion and the matter proceeded to sentencing. Clincy was sentenced on March 1, 2013 to nine months of imprisonment on the theft count and 23-and-a-half years on the reckless injury count, bifurcated into 13-and-a-half years of initial confinement and ten years of extended supervision.

Clincy timely filed an appeal and a motion seeking post-conviction relief on the ground that he should be permitted to withdraw his plea. The Wisconsin Court of Appeals affirmed his conviction and sentence and denied his requests to withdraw his plea—whether under pre- or post-sentencing standards—in an order dated March 12, 2015. *State v. Clincy*, 862 N.W.2d 903, 2015 WL 1057511 (Wis. Ct. App. 2015). He timely sought discretionary review in the Wisconsin Supreme Court, which was denied on June 12, 2015. Clincy did not file a petition for a writ of certiorari to the U.S. Supreme Court.

On March 10, 2016, Clincy filed a civil action in Milwaukee County Circuit Court, Case No. 2016CV001867, petitioning for a writ of habeas corpus. In the petition, Clincy argued that he received ineffective assistance from his various trial counsel concerning the availability of a suppression motion with respect to the search of his home, failure to assert his speedy trial right, failure to properly argue his plea withdrawal motion, and failure to assert a *Brady* violation by the state prosecutor. The court clerk directed that the civil case be closed and the petition transferred into his criminal case, as it in essence sought post-conviction relief. The petition was then returned to him by the clerk on March 24, 2016 because it was longer than the twenty-page limit for post-conviction motions. Clincy sought leave of the court to submit his petition as an overlong post-conviction motion, which was denied in an order dated April 19, 2016. *See* (Docket #1-1 at 21–22).

Next, on May 2, 2016, Clincy filed a second motion for post-conviction relief in his criminal case. He raised essentially the same claims as those asserted in his failed habeas petition in March. This post-conviction motion was also denied, and Clincy timely appealed. The Wisconsin Court of Appeals affirmed the denial of the motion in an order issued December 6, 2017. Clincy did not timely seek discretionary review in the Wisconsin Supreme Court. *Id.* at 35. After the Wisconsin Supreme Court denied the petition for review, he moved for reconsideration, arguing that he timely deposited his petition in the mail. *Id.* The court denied the motion, observing that Clincy had miscalculated the deadline. *Id.*

It is also noteworthy that during the course of proceedings on Clincy's second appeal, the Court of Appeals granted the State an

extension of time to file its appellate brief. Clincy, believing he had never been served with the State's motion, filed numerous motions in the Court of Appeals and the Wisconsin Supreme Court declaring that the extension order was void because the motion was filed and the order granted *ex parte*. *Id.* at 5–7. The argument was rejected by the Court of Appeals, and the Wisconsin Supreme Court said that it could not hear an appeal of an order granting an extension of time. (Docket #1-1 at 32–34).

Clincy filed the instant petition on July 9, 2018. His claims mirror those raised at various times in the state proceedings. They are as follows. First, his trial counsel was ineffective for failing to fully investigate the availability of a motion to suppress evidence obtained from the search of his home before advising him to plead no contest. (Docket #1 at 7). Second, the search warrant executed at his home was issued in violation of his Fourth Amendment rights because it was overbroad, in that it did not describe the places to be searched or things to be seized with sufficient particularity. *Id.* at 8. Third, the state prosecutor violated Clincy's *Brady* rights by failing to disclose material, exculpatory evidence concerning the search warrant. *Id.* Fourth, the year-long delay in bringing Clincy to trial violated his Sixth Amendment right to a speedy trial and resulted both from his trial lawyer's ineffective assistance, by way of her requests to adjourn the trial date, and from the State's own requests for adjournment. *Id.* Fifth, Clincy's post-conviction counsel was ineffective because she failed to preserve meritorious arguments the Court of Appeals rejected during the second appeal because they should have been raised on direct appeal. *Id.* Sixth, the Wisconsin Court of Appeals' order granting the State an extension of time to file its brief during his second appeal was void because Clincy was not permitted to object prior to its being granted, and

because the motion itself was sent to the wrong address. *Id.* at 8–9. Seventh, the trial judge was biased and had improper *ex parte* communications with Clincy's successor trial counsel relating to his motion to withdraw his plea. *Id.* at 9.

## 2. TIMELINESS

As part of its Rule 4 review, the Court first considers the timeliness of Clincy's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears the petition is untimely. Clincy's direct appeal and first round of post-conviction review ended on June 12, 2015.[2] The habeas clock began to run on September 11, 2015, after the expiration of Clincy's 90-day period for seeking certiorari to the U.S. Supreme Court. It ran for 234 days, until May 2, 2016, when Clincy filed his second motion for post-conviction relief.

The intervening proceedings relating to Clincy's March 10, 2016 state habeas petition did not toll the habeas clock. Section 2244(d)(2)

---

[2]Wisconsin procedure allows a direct appeal and a first motion for post-conviction relief to proceed essentially in tandem, as they are used to raise different kinds of issues. *See Ramirez v. United States*, 799 F.3d 845, 851 (7th Cir. 2015); *Andrashko v. Borgen*, 88 F. App'x 925, 927 (7th Cir. 2004). The nuances of this procedure are not relevant to the disposition of this case. The Court will refer interchangeably to these proceedings as his direct appeal or his first round of post-conviction review.

provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). But Clincy's petition was in effect an improperly filed, overlong motion for post-conviction relief. Whether a state post-conviction proceeding is "properly filed" is governed by state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005); *Artuz v. Bennett*, 531 U.S. 3, 8 (2000). This Court cannot second-guess the decision of the Wisconsin court to recharacterize his habeas petition as a motion for post-conviction relief and then reject it as procedurally improper. Clincy was required to submit his request for collateral review in conformity with state rules; having not done so, none of those efforts tolled the habeas clock. *Artuz*, 531 U.S. at 11; *Ray*, 700 F.3d at 1003.

Thus, the clock was not tolled again until the second round of post-conviction review began on May 2, 2016. That second round of review ended on December 6, 2017, when the Wisconsin Court of Appeals affirmed the denial of Clincy's second post-conviction motion. Clincy's petition for discretionary review in the Wisconsin Supreme Court was filed late and was denied as untimely. He sought reconsideration of the denial, arguing that he had timely mailed the petition, but the Supreme Court denied the motion after finding that he had miscalculated the date from which his time to petition for discretionary review began to run. (Docket #1-1 at 35).

Clincy's habeas clock restarted on January 7, 2018, the day after his 30-day period for seeking discretionary review in the Wisconsin Supreme Court expired. *See* Wis. Stat. Rule 808.10(1); *Holbrook v. Curtin*, 833 F.3d

612, 618 (6th Cir. 2016); *Johnson v. McCaughtry*, 265 F.3d 559, 563 (7th Cir. 2001).[3] Clincy's motion for reconsideration in the state supreme court did not extend the pendency of his second round of post-conviction proceedings, as the Wisconsin Supreme Court is not authorized to reconsider a denial of discretionary review. *Hanson v. Haines*, No. 13–CV–0896, 2014 WL 4792648, at *2 (E.D. Wis. Sept. 25, 2014) (citing *Archdiocese of Milwaukee v. City of Milwaukee*, 284 N.W.2d 29, 30 (Wis. 1979)). Under the state court's application of Wisconsin state law, which this Court cannot gainsay, Clincy's second post-conviction motion was no longer pending after the period for seeking discretionary review expired. *See Buelow v. Dickey*, 847 F.2d 420, 424–25 (7th Cir. 1988) (citing *First Wis. Nat'l Bank v. Nicholaou*, 274 N.W.2d 704, 705 (Wis. 1979)). Thus, his habeas clock ran an additional 183 days, from January 7, 2018 until the filing of the instant petition on July 9, 2018.

In total, then, 417 countable days passed between the date Clincy's conviction became final and the filing of his federal habeas petition, making the instant petition nearly two months late. Yet, while Clincy appears to have missed the deadline for filing his petition, that does not

---

[3]The Seventh Circuit in *Johnson* declined to rule whether a petitioner can benefit from the period available to lodge an appeal from a denial of post-conviction relief if he does not actually file an appeal. *Johnson*, 265 F.3d at 563. The majority of the Circuit courts to consider the question have said that this period is part of the time a state collateral review application is "pending," and this Court finds that position persuasive. *See Holbrook*, 833 F.3d at 618.

Further, it should be noted that Clincy is not entitled to tolling during the 90-day period in which he might have sought certiorari to the U.S. Supreme Court from the state supreme court's disposition of his second motion for post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). That 90-day period only tolls the habeas clock on a prisoner's direct appeal. It does not apply to subsequent rounds of post-conviction review.

end the Court's analysis. There are two common-law exceptions that still might apply to render his petition timely: the "actual innocence" gateway and equitable tolling. The actual innocence gateway arises when a petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). In other words, to be entitled to the actual innocence gateway, Clincy must show that new evidence makes it unlikely that he would have been found guilty. *Id.* at 896. If shown, the gateway authorizes a court to ignore procedural infirmities such as untimeliness.

The second potential exception is "equitable tolling." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 683–84; *Holland v. Florida*, 560 U.S. 631, 649 (2010). Though it seems unlikely that Clincy will be able to justify his substantially delayed filing, the Court of Appeals cautions against dismissing a case on timeliness grounds without eliciting argument from the parties. *See Gildon*, 384 F.3d at 886. As a result, the Court will order briefing on this and the other potential procedural obstacles identified below before it will engage in a merits review of the petition.

### 3. EXHAUSTION OF REMEDIES AND PROCEDURAL DEFAULT

Having considered the timeliness of Clincy's petition, the Court next analyzes whether he fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of his habeas claims. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts a claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, the prisoner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Upon the Court's initial review, it appears that Clincy presented each of his habeas claims to the Wisconsin Supreme Court for consideration during either his first or second round of post-conviction review. In fact, he submitted some of the claims twice, and the Wisconsin courts rejected his attempt to relitigate them. *See State v Clincy*, 909 N.W.2d 209, 2017 WL 6040059, at *2 (Wis. Ct. App. 2017). But for purposes of exhaustion, what matters is that the state supreme court had an opportunity to review the merits of all the claims. Thus, it appears for purposes of screening that Clincy has exhausted his state court remedies.

However, the history of Clincy's post-conviction proceedings reveals that some of his claims were not presented to the state courts in a

procedurally appropriate fashion. This raises problems not with exhaustion, but procedural default. When a petitioner has already pursued state court remedies but failed to present his claims properly to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief. . .but rather the separate but related doctrine of procedural default." *Perruquet*, 390 F.3d at 514; *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim"). That doctrine provides that a federal court cannot reach the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred, or (2) presented his claim to the state courts but the state court dismissed the claim on an independent and adequate state procedural ground. *Perruquet*, 390 F.3d at 514; *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002*); Chambers v. McCaughtry*, 264 F.3d 732, 737–38 (7th Cir. 2001).

In this case, three of Clincy's claims are procedurally defaulted because they were not properly presented to the Wisconsin courts. All three arose during his second round of post-conviction review. Claim Four, concerning an alleged violation of his speedy-trial rights, and Claim Seven, alleging bias on the part of the trial judge, were both rejected in the Court of Appeals under *State v. Escalona-Naranjo*, 517 N.W.2d 157, 163–64 (Wis. 1994), which holds that a defendant may not raise in a post-conviction motion a constitutional issue that could have been but was not raised on direct appeal, absent sufficient reason for the failure to raise the claim earlier. The *Escalona-Naranjo* rule is an adequate and independent

state procedural ground that forecloses federal habeas review. *Perry v. McCaughtry*, 308 F.3d 682, 692 (7th Cir. 2002).

Moreover, the Wisconsin Supreme Court declined discretionary review in the second round of post-conviction proceedings because Clincy's petition for discretionary review was untimely, another adequate and independent state procedural ground for the disposition of the claims. *Buelow*, 847 F.2d at 424–25; *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Thus, Claims Four and Seven are doubly defaulted. The other defaulted claim is Claim Five, in which Clincy argues that his post-conviction counsel was ineffective for failing to raise the judicial bias and speedy-trial issues on direct appeal. That claim is not necessarily subject to the *Escalona-Naranjo* bar, *see Page v. Frank*, 343 F.3d 901, 909 (7th Cir. 2003), but it is nevertheless defaulted inasmuch as Clincy did not timely petition for discretionary review in the state supreme court.[4]

A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner demonstrates (1) cause for the default and actual prejudice from failing to raise the claim as required, or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F.3d 1205, 1211–12 (7th Cir. 1996). To meet the "cause" requirement, there must have been some external impediment that prevented the petitioner from raising the claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The Court will permit the parties to brief the issue of

---

[4]As noted above, the other set of claims Clincy raised in the second round of post-conviction review—those relating to the warrant executed at his home—were already considered during his direct appeal. *Clincy*, 2017 WL 6040059, at *2. Those claims, which Clincy expresses in the present petition in Claims One, Two and Three, are not procedurally defaulted because they were successfully presented to the state courts the first time around.

procedural default alongside their briefing on the timeliness problem discussed above.

4.  **COGNIZABILITY**

Finally, the Court concludes its Rule 4 review by dismissing plainly meritless claims or those not cognizable on federal habeas review. *See Small*, 998 F.2d at 414. For Clincy, that includes Claim Six, which alleges that the state courts erred in granting the State an extension of time to file its brief to the Wisconsin Court of Appeals during the second appeal. First, he cites a federal procedural rule, Federal Rule of Civil Procedure 60(b), which does not have any application in Wisconsin courts. To the extent he complains that the state courts abused their discretion under state procedural rules in granting the extension of time, that is an error of state law that cannot be heard on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

But he also appears to assert a due-process violation arising from the State attorney's failure to serve him with the motion for extension of time at the correct institution. Normally, errors committed during state collateral review are not viable claims for federal habeas relief "[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause." *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). While Clincy facially appeals to the *Montgomery* exception, the record in his case reveals he did not suffer a deprivation of due process. Even if he is correct that he was not properly served with the State's motion, he complained of this to the state courts. His motions for reconsideration were heard and rejected in the Court of Appeals and Wisconsin Supreme Court. Although couched in terms of due process, in reality the claim is simply Clincy's displeasure with the state courts'

adjudication of a straightforward extension of time. He received all the process he was due, so Claim Six need not be considered further.

5. **CONCLUSION**

For the reasons stated above, the Court finds that Claim Six of Clancy's habeas petition must be dismissed outright, as it is plainly meritless and outside the scope of federal habeas review. Further, the petition appears to be untimely and that a number of the remaining claims suffer from procedural default. Because of the high procedural hurdles Clincy's petition faces, the Court finds it most prudent to order briefing on the statute of limitations and procedural default issues prior to merits argument as to the remaining claims. The parties will, therefore, present their positions on those two issues in accordance with the following schedule:

| | |
|---|---|
| Respondent's opening brief: | **September 10, 2018** |
| Petitioner's response: | **October 10, 2018** |
| Respondent's reply: | **October 24, 2018** |

These dates are not subject to adjustment. Once briefing is complete, the Court will make a final determination on the procedural issues. If Clincy's petition survives, the Court will order further proceedings on the merits of the remaining claims.

Accordingly,

**IT IS ORDERED** that, on or before **September 10, 2018**, Respondent shall file a brief concerning the timeliness of Petitioner's petition and whether procedural default bars any of his habeas claims. On or before **October 10, 2018**, Petitioner shall file a response to Respondent's brief. On or before **October 24, 2018**, Respondent shall file a reply. There will be no extensions of time granted for the filing of these briefs; and

**IT IS FURTHER ORDERED** that Claim Six of Petitioner's petition for a writ of habeas corpus (Docket #1 at 8–9) be and the same is hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 10th day of August, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge