UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENYATTA SOBEASR CLINCY,

                Petitioner,

v.

WILLIAM J. POLLARD,

                Respondent.

Case No. 18-CV-1092-JPS

**ORDER**

      Petitioner Kenyatta Sobeasr Clincy ("Clincy") filed a habeas petition pursuant to 28 U.S.C. § 2254 in this Court. (Docket #1). The Court screened the petition and determined that it was untimely by 52 days. (Docket #7 at 7). Clincy did not offer any explanation for the delay; however, the Court determined that before it could dismiss the petition, it must afford the parties an opportunity to brief whether either exception to the one-year filing deadline—either actual innocence or equitable tolling—applied. (*Id.* at 8). The Court also invited briefing on the issue of whether Clincy's Fourth, Fifth, and Seventh claims were procedurally defaulted. (*Id.* at 11). The parties have submitted briefing, and Clincy has also moved for release on bail. (Docket #15). As explained below, the Court will deny the petition as untimely. Therefore, the motion for release on bail will also be denied.

      As the original screening order explained, a state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded

followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012). Clincy's petition was clearly late. Therefore, it may only be considered under one of two circumstances. The first is commonly known as the "actual innocence" exception, i.e., if the petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Clincy does not present evidence of innocence, so the first exception is not at play.

The second exception is "equitable tolling," which, as the Court has explained, is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 683–84; *Holland v. Florida*, 560 U.S. 631, 649 (2010).

As the Court described in its screening order, Clincy's one-year clock to file a federal habeas petition began to run on September 11, 2015, which is 90 days after the judgment on his first post-conviction relief motion became final. The clock ran for 234 days, until May 2, 2016, when Clincy filed his second motion for post-conviction relief. Although Clincy attempted to file a state habeas petition in March of 2016, this did not toll the habeas clock because it was not a "properly filed" motion under Wisconsin's rules. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408,

413–14 (2005). Judgment on Clincy's second motion for post-conviction relief became final on January 7, 2018, which was 30 days after the Wisconsin Court of Appeals affirmed the denial of the motion. Clincy attempted to file a motion for reconsideration, but this, too, was denied because the Wisconsin Supreme Court is not authorized to reconsider a denial of discretionary review. *Hanson v. Haines*, No. 13–CV 0896, 2014 WL 4792648, at *2 (E.D. Wis. Sept. 25, 2014) (citing *Archdiocese of Milwaukee v. City of Milwaukee*, 284 N.W.2d 29, 30 (Wis. 1979)). In short, the time during which Clincy tried to file a motion for reconsideration did not toll the statute of limitations deadline because it was not a properly filed motion. 28 U.S.C. § 2244(d)(2); *Pace*, 544 U.S. at 413. Thus, the clock restarted on January 7, 2018. This gave Clincy 126 days to file a habeas petition in federal court, or until May 13, 2018.

There is evidence that Clincy was diligent in pursuing his legal rights. To begin with, although misdirected and largely unsuccessful, he initially attempted to file a habeas motion in state court (which was ultimately construed as a second motion for postconviction relief), as well as a motion for reconsideration of the denial of his second motion for post-conviction relief. These facts are more than sufficient to demonstrate that Clincy pursued his rights diligently.

However, Clincy has failed to show that an extraordinary circumstance stood in his way, such that he was prevented from timely filing his petition. Equitable tolling is a "highly fact-dependent area in which courts are expected to employ flexible standards on a case-by-case basis." *Socha*, 763 F.3d at 686 (citations and quotations omitted). The Seventh Circuit has held that "'[t]he intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is

Page 3 of 5
Case 2:18-cv-01092-JPS    Filed 09/28/20   Page 3 of 5   Document 17

'extraordinary' as a matter of law." *Weddington v. Zatecky*, 721 F.3d 456, 464 (7th Cir. 2013) (citations and quotations omitted) (remanding for an evidentiary hearing due to fact issue regarding year-long confiscation of legal papers, books, and pens, which, if true, would constitute an extraordinary circumstance). Additionally, courts should consider the totality of circumstances that the petitioner experiences, including segregation, lack of representation or legal training, and defective attorney performance, as different pieces of a puzzle—some of which, like defective counsel, may be more relevant than others. *Socha*, 763 F.3d at 684–86. In *Socha*, for example, the Seventh Circuit found extraordinary circumstances where a lawyer failed to surrender a client file for 90% of a year, despite petitioner's frequent requests, leaving petitioner—who was held in segregation and had limited access to the law library—only 40 days in which to file a habeas petition. *Id.* at 684–85. Additionally, the Seventh Circuit found it relevant that the petitioner had alerted the Court to the delay, sought an extension of time, and received such an extension via an *ex parte* order by another district court judge. *Id.* at 688.

By contrast, in this case, the delay arose from a computer glitch that Clincy became aware of on either March 9, 2018 or April 9, 2018. (Docket #12 at 1; Docket #12-2 at 1). This left Clincy with either 35 or 65 days before the habeas petition was due to re-compile his habeas petition. The glitch was a considerable setback, and resulted in Clincy having to start over from scratch. However, this, alone, is not enough for the Court to find extraordinary circumstances. To be sure, a computer error 35 days before the deadline might constitute extraordinary circumstances in some situations, but here, there are no other facts to support the contention. *See Gray v. Zatecky*, 865 F.3d 909, 912–13 (7th Cir. 2017) (distinguishing *Socha*

and finding that a four-month delay in receipt of legal file did not constitute extraordinary circumstances absent other compelling circumstances). Clincy does not allege that he was denied regular and substantial access to the law library, nor does he provide an explanation for the remaining 330 days in which he did not file a habeas petition in federal court. The Court infers, from the record, that Clincy diligently attempted to pursue his legal rights; however, the Court has no basis on which to determine that Clincy's delay in filing the habeas petition was the result of extraordinary circumstances beyond his control.

Accordingly,

**IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the petitioner's motion for release on bail (Docket #15) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of September, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge